## WILLIAM HARDWICK v. ENOS LADEROOT.

*Deed—Reservation—Stipulation for rent.*

A reservation of "the use and occupancy" of the land during the lifetime of the grantors, followed by an agreement by the grantee 'to use, occupy and enjoy the right reserved, and to pay therefor all taxes, together with a stipulated rent' was construed in accordance with the practical construction shown by the continuous occupancy of the grantee, who had, however, ceased to pay rent, to mean that the use and occupancy were to be made available to the grantors through the use by the grantee, who was to make during the grantors' lives a stipulated payment which they called rent, but which was really a charge on the land, the failure to pay which would forfeit neither the estate nor the right of possession

Error to Wayne. Submitted Oct. 11. Decided Oct. 22.

EJECTMENT. Defendant who held under a grantee from Henry Laderoot, brings error.

*George Gartner* for plaintiff in error.

*Sylvester Larned* for defendant in error.

COOLEY, J. From the judge's finding it appears that the whole controversy turns upon a construction of the deed from Enos Laderoot and his wife to Henry Laderoot. The deed is one of warranty, with the following clause of reservation: "Reserving always, however, the use and occupancy of said lot during the lifetime of the said Enos and Margaret, or the survivor of them. And the party of the second part hereby agrees with the parties of the first part, to use, occupy and enjoy the right thereto above reserved, and to pay therefor all taxes, together with twenty dollars per year rent, in two semi-annual payments of ten dollars each, payable on the first day of April and October of each year, during such lifetime aforesaid; the first payment to be made April 1, 1869."

It must be admitted that whatever intent the parties had in giving and receiving this instrument is very blindly expressed. On the part of Enos Laderoot it is now said that the purpose manifestly was to reserve to the grantors a life estate, and that whatever possession was given to the grantee might be resumed at will, and when it was continued was subject to the condition that the stipulated taxes and what was called the rent of twenty dollars a year should be promptly paid. The payments, it appears, had not been kept up for the year preceding the bringing of suit.

But the finding of facts shows that the parties have given a practical construction to the deed. Henry Laderoot immediately on its execution went into possession under it, and he and those claiming through him have

ever since been in possession. He made the semi-annual payments up to April 1, 1875, and it does not appear that there has been any failure to pay taxes. We are satisfied from all the facts that the understanding of the parties was that "the use and occupancy" which the grantors reserved to themselves was to be made available to them through the use, occupancy, and enjoyment of the lot by the grantee, who was to make to them a stipulated semi-annual payment during their lives and the life of the survivor. This payment they called rent, but it was in the nature rather of a charge upon the land. Failure in payment could not operate as a forfeiture either of the estate, or of the incident to the estate, the right of possession.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.